THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BARRY E. LIVINGSTON,              § | |
|       Petitioner,              § | |
| § | |
| v.                                                 § | Civil Action No. 4:09-CV-210-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division,      § | |
|       Respondent.              § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Barry E. Livingston, TDCJ-CID #602263, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

Livingston's petition and various motions filed in this habeas action are largely incoherent and indecipherable. The following facts are gleaned from the pleadings and the record. On October

10, 1991, pursuant to plea bargain agreements, Livingston pled guilty to possession of a controlled substance with intent to deliver and robbery causing bodily injury in Tarrant County, Texas, and received two concurrent 25-year sentences. Livingston did not directly appeal his convictions; thus, the convictions became final on November 9, 1991, 30 days after the judgments of conviction were entered.[1]  *See* TEX. R. APP. P.  26.2(a)(1). Livingston was released on parole in 2001. While on parole, he was arrested in November 2006 on a new charge of possession of a controlled substance. On January 16, 2008, he was convicted of the new offense and received a 5-year sentence. Livingston's parole was thereafter revoked on February 26, 2008.[2] Livingston filed this federal habeas petition on April 7, 2009.[3] He appears to challenge his 1991 conviction for possession of a controlled substance with intent to deliver, his ineligibility for mandatory supervision, and the denial of street and jail time credits toward his 25-year sentence. As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations.

## D. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus

---

[1]Quarterman, citing to Ninth Circuit case law, argues that the trial court's judgments became final for purposes of subsection (A) on October 10, 1991, the date the judgments were entered, because Livingston voluntarily waived his right to appeal, among other rights, as part of the plea bargain agreement in each case. (Resp't Preliminary Resp. at 2) A review of Texas federal cases, however, reveals that under these circumstances the limitations period starts after expiration of the statutory appeal time. *See, e.g., Flournoy v. Director*, Civil Action No. 6:06-CV-555, slip copy, 2007 WL 545684, at *3 (E.D. Tex. Feb. 16, 2007); *Hennington v. Johnson*, Civil Action No. 4:00-CV-0292-A, slip copy, 2001 WL 210405, at *2 (N.D. Tex. Feb. 28, 2001). *See also Eckenrode v. U.S.*, Nos. EP-00-CA-027-DB & EP-97-CR-781-DB, slip copy, 2000 WL 33348759, at *2 (W.D. Tex. Aug. 2, 2000).

[2]This fact was confirmed *via* telephonic communication with the parole division of TDCJ.

[3]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

In the context of Livingston's challenge to his 1991 conviction for possession of a controlled substance with the intent to deliver, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. As noted above, the state court's judgment became final on November 9, 1991, prior

to the effective date of the AEDPA. Thus, with regard to Livingston's challenge to his 1991 drug conviction, his petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202.

Livingston did not seek post conviction state habeas review of his 1991 conviction for purposes of statutory tolling under § 2244(b)(2). Nor has he demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Further, in order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Livingston raises a vague assertion of actual innocence based on newly discovered evidence in his petition. (Petition at 7-8) However, a claim of actual innocence does not constitute the kind of rare and exceptional circumstance to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Nor has Livingston shown that he has reliable new evidence establishing that he is actually innocent of the offense or demonstrated that he was prevented in some extraordinary way from asserting his rights in a timely manner. Even if Livingston could demonstrate rare and exceptional circumstances, he also must have pursued his claims diligently to justify equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). A delay of over seventeen years does not establish that Livingston was diligent in his pursuit of federal habeas relief. Livingston's petition was due on or before April 24, 1997; thus, his petition filed on April 7, 2009, is untimely.

In the context of Livingston's claim that he is entitled to street and/or jail time during the time he was on parole and awaiting parole revocation, under subsection (D), the limitations period

began on the date on which Livingston could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008) (not designated for publication in the Federal Reporter); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, Livingston knew, or could have discovered through due diligence, on the date his parole was revoked, or shortly thereafter, that he was not entitled to and/or would not be credited for street or jail time credit toward his 25-year sentence. Thus, he knew or should have known of the factual predicate of his claims on February 26, 2008, the date his parole was revoked. Accordingly, the statute of limitations began on Livingston's time-credit claims on that date, and closed one year later on February 26, 2009, subject to any applicable tolling.

The record does not reflect that Livingston has raised his time-credit claims in a state habeas application or that he has pursued TDCJ's administrative time credit dispute resolution process mandated by § 501.0081 of the Texas Government Code for purposes of § 2244(b)(2). *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief). Nor does it appear that equitable tolling would be appropriate as to this claim either. *See Davis*, 158 F.3d at 811. Livingston does not assert any justification for his failure to timely pursue administrative or habeas review of his sentence calculation, and the record reveals none. Livingston's petition was due on or before February 26,

5

2009; thus, his petition filed on April 7, 2009, is untimely.

### E. MANDATORY SUPERVISION

Livingston claims that because the drug offense was committed in 1991, he is entitled to release to mandatory supervision under the law in effect at the time of the offense, and, thus, application of § 508.149 of the Texas Government Code, entitled "Inmates Ineligible for Mandatory Supervision," to him violates his constitutional rights.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). However, former article 42.18, § 8(c) of the Texas Code of Criminal Procedure, in effect in 1991 at the time Livingston committed the two 1991 offenses, provided, in relevant part:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 5.01, 1989 Tex. Gen. Laws 3471, 3537 (current version at TEX. GOV'T CODE ANN. § 508.149(a) (Vernon Supp. 2008)). The Fifth Circuit has interpreted this statute to create, as a matter of constitutional due process, an expectancy of early release to eligible inmates. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Thus, to the extent Livingston complains he is being improperly denied release to mandatory supervision as it pertains to his 1991 drug conviction, his claim may have merit assuming he could present an evidentiary basis for his claim.

On the other hand, former article 42.18, § 8(c) excepted from mandatory supervision eligibility any inmate convicted of a second degree felony under § 29.02 (Robbery) of the Texas Penal Code. Robbery causing bodily injury was in 1991 and remains a second degree felony under

6

§ 29.02. Thus, Livingston is not, and was never, eligible for release to mandatory supervision on his 25-year sentence for his 1991 robbery conviction. Accordingly, to the extent he complains he is being improperly denied release to mandatory supervision as it pertains to his 1991 drug conviction, no constitutional violation has occurred and his claim does not present a basis for federal habeas relief. *See Malchi*, 211 F.3d at 957-58; *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997).

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that Livingston's petition be DISMISSED with prejudice as time-barred, in part, and DENIED, in part, and that all pending motions be DENIED (docket entry nos. 8-12).

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 9, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 9, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 18, 2009.

    /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE