IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 19 2009

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | |
|---|---|
| BARRY E. LIVINGSTON, § § Applicant, § § VS. § NO. 4:09-CV-210-A § NATHANIEL QUARTERMAN, § DIRECTOR, TEXAS DEPARTMENT § OF CRIMINAL JUSTICE, § CORRECTIONAL INSTITUTIONS § DIVISION, § § Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein Barry E. Livingston ("Livingston") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On June 18, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings and conclusions, and recommendation ("FC&R"), and ordered that Livingston file objections, if any thereto, by July 9, 2009. On July 1, 2009, the court granted Livingston's motion for an extension of time to file objections to the FC&R and ordered that Livingston have until July 24, 2009, to file his objections. On July 2, 2009, Livingston filed a document titled "C.O.A. in Motion for Leave to

_____

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

File for Permission to File Second or Success Writ in Rule 22(B) 28 USC § 2253(c)(2), 28 USC § 2244(b)(3)(A) With Motion For Leave to File for a Revocation Hearing for Time Credit" (hereinafter, "C.O.A.").

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

In his C.O.A., Livingston states that he is, among other things, offering into evidence an objection against the FC&R. While Livingston's C.O.A. includes a variety of arguments, nothing in the C.O.A. could be liberally construed as a specific objection to the FC&R.

Therefore,

The court accepts the recommendation of the magistrate judge and ORDERS that the application of Barry E. Livingston for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied as to his mandatory supervision claim, and dismissed as time-barred as to all other claims.

The court further ORDERS that, insofar as Livingston's C.O.A. can be understood to be a request for Certificate of

Appealability, it be, and is hereby, denied because Livingston has failed to make the requisite showing as set forth in Robison v. Johnson, 151 F.3d 256, 262 (5th Cir. 1998).

The court further ORDERS that all other pending motions in the above-captioned action be, and are hereby, dismissed as moot.

SIGNED August 19, 2009.

JOHN McBRYDE
United States District Judge